RICHARD S. ARNOLD, Chief Judge,
dissenting.
I would grant the motion for injunction pending appeal and establish an expedited briefing schedule that would enable this case to be submitted promptly for decision on the merits. Because the Air Force, unless enjoined, intends to discharge the appellant, Captain Richard F. Richenberg, Jr., in just a few days, it is not possible to state my reasons in an extended opinion. I would like to comment briefly, however, on the likelihood of the appellant’s prevailing on appeal.
Captain Richenberg has not been guilty of any prohibited conduct. He has not even been accused of such conduct. His offense is simply that he is a homosexual and that he has said he is. Under the current policy of the Department of Defense, homosexual status, standing alone, is not grounds for discharge. But for a service member to say that he or she is homosexual can be grounds. It is said that such a statement creates a rebuttable presumption that one has a propensity to engage in prohibited conduct.
It seems to me that Captain Richenberg’s First Amendment attack on this state of affairs has a good chance of success. First of all, his mere status is not objectionable under current military policy. Indeed, I doubt if status, in and of itself, could be made a ground for discharge consistently with the First Amendment. This would amount to thought control, and, if speech is protected, unspoken thoughts must be too. The further circumstance that Captain Richenberg has declared his status openly is no more than speech. It threatens no one and has disobeyed no order. This much the current military policy appears to recognize, because it purports to create a presumption, based on nothing more than honest statements, that *174 status or desire equals propensity to act. This presumption appears to me to be at best questionable. If I am a heterosexual and not married, do I have a propensity to commit fornication? If I am covetous, do I have a propensity to steal? If I am angry, do I have a propensity to strike someone or to kill? I think not. The distinction between disposition and action is clear. The presumption contained in the current policy ignores this distinction. Many people, homosexual and heterosexual, are celibate. The current policy entirely overlooks this aspect of human conduct.